UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GERALDINE CRAIG

VERSUS

COMMISSIONER OF
SOCIAL SECURITY

CIVIL ACTION NO.

17-1715-EWD
(CONSENT)

## RULING AND ORDER

Before the Court is Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (the "Motion").[1] No timely opposition to the Motion was filed by the Commissioner of the Social Security Administration (the "Commissioner") and therefore the Court considers the Motion to be unopposed.[2] For the reasons set forth herein, the Motion is granted in part and denied in part.

### I.     Background

On March 27, 2019, this Court vacated the final decision of the Commissioner denying Plaintiff's application for supplemental security income and remanded Plaintiff's case for further administrative proceedings.[3] A judgment was entered on March 29, 2019.[4] On June 27, 2019, Plaintiff filed the instant Motion seeking compensation for (1) 23.1 hours of attorney fees at an

---

[1] R. Doc. 22.

[2] Pursuant to Local Civil Rule 7(f), any response to the Motion was due within twenty-one days after service of the Motion. The Motion was filed on June 27, 2019. As of the date of this Ruling and Order, no opposition to the Motion has been submitted.

[3] R. Doc. 19.

[4] R. Doc. 20.

1

hourly rate of $150.00; (2) 7.2 hours of paralegal fees at an hourly rate of $75.00;[5] and (3) expenses in the amount of $15.78.[6]

## II. Law and Analysis

### A. Plaintiff's Request for $4,005.00 in Attorney Fees is Granted

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), provides that a court shall award attorney fees and costs to a prevailing party in a civil action brought against the United States.[7] Attorney fees shall be awarded to a prevailing party "unless the Court finds that the position of the United States was substantially justified or special circumstances make an award unjust."[8] Plaintiff seeks an award of fees in the amount of $4,005.00 (23.1 attorney hours at an hourly rate of $150.00 and 7.2 paralegal hours at an hourly rate of $75.00)[9] and the Commissioner has not filed a response objecting to the Plaintiff's requested fee. This Court has previously approved an hourly rate in excess of $150.00 for attorneys and $75.00 for paralegals,[10] and the hours expended appear to be reasonable. Accordingly, the Court grants Plaintiff's requested fees in the amount of $4,005.00 pursuant to the EAJA.

### B. Plaintiff's Request for $15.78 in Expenses is Denied

Plaintiff also requests to recover $15.78 in Certified Mail expenses used to send the Summons and Complaint packets to Defendants. 28 U.S.C. § 2412(a)(1) provides:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including

---

[5] R. Doc. 22-1, p. 2 ¶ 8.

[6] R. Doc. 22, p. 1.

[7] 28 U.S.C. § 2412.

[8] 28 U.S.C. § 2412(d)(1)(A).

[9] R. Doc. 22-1, p. 2 ¶ 8.

[10] In *Gann v. Colvin*, Civil Action No. 14-189, 2017 WL 385038, at * 3 (M.D. La. Jan. 1, 2017), this Court approved an hourly attorney rate of up to $175.00 per hour for work performed from 2014 forward. In *Gann*, this Court also awarded fees for certain, supported paralegal work at the rate of $75.00 per hour. *Id.*

the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.[11]

28 U.S.C. § 1915(f)(1) provides:

> Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, but the United States shall not be liable for any of the costs thus incurred. If the United States has paid the cost of a stenographic transcript or printed record for the prevailing party, the same shall be taxed in favor of the United States.

"A number of courts have concluded that § 1915(f)(1) bars an award of costs against the United States in favor of a social security plaintiff proceeding *in forma pauperis*."[12] Relying on § 1915(f)(1), district courts in this Circuit have disallowed a social security claimant, proceeding *in forma pauperis*, from recovering costs for mailing or photocopying.[13] Because § 1915(f)(1) prohibits recovery of costs against the United States where a plaintiff is proceeding *in forma pauperis*, the Court denies Plaintiff's request to recover $15.78 in expenses.[14]

---

[11] 28 U.S.C. § 1920 provides that "[a] judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

[12] *Jones v. Barnhart*, 1:02CV00042, 2004 WL 2297857, at * 1 (E.D. Ark. Aug. 30, 2004) (collecting cases).

[13] *See*, *Sandoval v. Apfel*, 86 F.Supp.2d 601, 614 (N.D. Tex. 2000) (denying request for recovery of photocopying cost under EAJA where claimant was proceeding *in forma pauperis*); *Anderson v. Commissioner of Social Security*, No. 3:14CV00275, 2015 WL 6828927, at * 1 (N.D. Miss. Nov. 6, 2015) (denying request for costs of overnight mailing and photocopying); *Clements v. Colvin*, No. 3:15cv20, 2015 WL 6554482, at * 2 (N.D. Miss. Oct. 29, 2015) ("Courts interpreting [28 U.S.C. § 1915(f)(1)] have consistently held that costs cannot be award against the United States in an in forma pauperis appeal. As a consequence, the court holds that plaintiff is barred from recovering $115.36 in printing costs by operation of § 1915(f)(1).").

[14] R. Doc. 22-5, p. 2.

### C. The Award of Fees Shall be Paid Directly to Plaintiff

Finally, the Court notes that Plaintiff has signed a waiver assigning any fees paid by the Federal Government under EAJA to be paid directly to her attorney.[15] Plaintiff's attorney cites *Astrue v. Ratliff*,[16] as authority for this assignment.[17] The post-*Ratliff* practice in this Circuit has been to award attorney fees directly to the plaintiff.[18] In keeping with this precedent, the award of attorney fees in this case is to be made payable directly to Plaintiff and mailed to Plaintiff's counsel.

### III. Conclusion

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act[19] is **GRANTED IN PART AND DENIED IN PART**.

The Commissioner is **ORDERED** to remit to Plaintiff's counsel a check made payable to "Geraldine Craig" for attorney fees in the amount of $4,005.00.

**IT IS FURTHER ORDERED** that Plaintiff's request for recovery of $15.78 in expenses associated with sending the Summons and Complaint packets to Defendants by Certified Mail is **DENIED**.

Signed in Baton Rouge, Louisiana, on August 20, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] R. Doc. 22-6, p. 2.

[16] 560 U.S. 586 (2010).

[17] R. Doc. 22-1, p. 3.

[18] *See, Jackson v. Astrue*, 705 F.3d 527, 531 n. 11 (5th Cir. 2013); *Craig v. Colvin*, 15-583-JJB-EWD, 2016 WL 4689044, *3 (M.D. La. Sept. 6, 2016) (holding that under *Ratliff* award shall be made directly to the plaintiff, not her counsel).

[19] R. Doc. 22.